# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| LATONIA FOFANAH,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | Civil Action No. 2:13-cv-07345 (JLL)(JAD)<br><br>OPINION |

**LINARES**, District Judge.

This matter comes before the Court by way of Defendant United States of America (hereinafter "Defendant")'s motion to dismiss *pro se* Plaintiff Latonia Fofanah ("Plaintiff")'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1). The motion remains unopposed. The Court has considered Defendant's submission in support of the instant motion and decides this motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendant's motion is **GRANTED** and Plaintiff's Complaint is dismissed *with prejudice*.

## I. BACKGROUND

On or about October 30, 2013, *pro se* Plaintiff filed a complaint in New Jersey Superior Court, Hudson County. (CM/ECF No. 1, Ex. 1.) Plaintiff's Complaint alleges slander and emotional distress against Stacy Brown, an employee of the United States Postal Service ("USPS"), and demands damages in the amount of $3,000.00 plus costs. (CM/ECF No. 1, Ex. 1; *see also* Herbst Decl. at ¶ 4.) Plaintiff never filed an administrative tort claim with the Postal

Service Law Department or with the Postal Service tort claim coordinators. (Herbst Decl. at ¶¶ 5, 6, 7.) On November 22, 2013, Paul Blaine, Assistant United States Attorney, Chief of the Civil Division, submitted a Certification of Scope of Employment pursuant to 28 U.S.C. § 2679. (CM/ECF No. 1, Ex 2.) The Certification of Scope of Employment stated that Defendant Stacy Brown was acting within the scope of his employment with the Federal Government at all relevant times. (*Id.*)

On December 6, 2013, Defendant removed this action to this Court pursuant to 28 U.S.C. §§ 2679(d)(2), 1442. This Court's jurisdiction is premised on 28 U.S.C. § 1346. On December 17, 2013, Defendant filed the instant motion to dismiss this action pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. (CM/ECF No. 2.)

### III. LEGAL STANDARD

Federal courts are courts of limited jurisdiction, and thus may adjudicate cases and controversies only as permitted under Article III of the Constitution. U.S. Const. art. III, § 2; *see also Phila. Fed'n of Teachers, Local 3, AFL-CIO v. Ridge,* 150 F.3d 319, 322–23 (3d Cir.1998). "A Rule 12(b)(1) motion may be treated as either a facial or factual challenge to the court's subject matter jurisdiction." *Gould Elec., Inc. v. U.S.,* 220 F.3d 169, 176 (3d Cir.2000). "Facial attacks ... contest the sufficiency of the pleadings, and the trial court must accept the complaint's allegations as true." *Taliaferro v. Darby Twp. Zoning Bd.,* 458 F.3d 181, 188 (3d Cir.2006).

Federal courts must dismiss a complaint if a plaintiff cannot establish the existence of subject matter jurisdiction. *See Petruska v. Gannon Univ.,* 462 F.3d 294, 302 n. 3 (3d Cir.2006); *see also* Fed.R.Civ.P. 12(h)(3). In determining whether a *pro se* complaint asserts a valid basis for subject matter jurisdiction, the Court must be mindful to construe the complaint liberally in

2

favor of the plaintiff. *See, e.g., Erickson v. Pardus,* 551 U.S. 89, 93–94 (2007) (following *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)).

## IV. DISCUSSION

In moving to dismiss Plaintiff's Complaint, Defendant argues that this Court lacks subject matter jurisdiction because: (1) the United States is immune from suit under the Federal Tort Claims Act ("FTCA") for claims alleging slander; and (2) Plaintiff failed to file an administrative claim prior to filing the instant action, as required by the FTCA. (*See* Def. Br. at 1.)

### A. Sovereign Immunity Pursuant to 28 U.S.C. § 2680(h)

Plaintiff claims that the United States, substituted for Stacy Brown in this action[1], slandered Plaintiff and caused her emotional distress. (CM/ECF No. 1, Ex. 1.) In support of its motion to dismiss, Defendant argues that it is entitled to sovereign immunity for slander and any resulting emotional distress claims pursuant to the FTCA. (Def. Br. at 6.)

It is well established that the United States, "as sovereign, is immune from suit save as it consents to be sued." *U.S. v. Sherwood,* 312 U.S. 584, 586 (1941). Such immunity ultimately "shields the Federal Government and its agencies from suit." *Loeffler v. Frank,* 486 U.S. 549, 554 (1988). In the instance where the United States does consent to be sued, "the terms of [the] waiver of sovereign immunity define[ ] the extent of the court's jurisdiction." *U.S. v. Bein,* 214 F.3d 408, 412 (3d Cir. 2000). In the instance of such a waiver, it "must be express and

---

[1] "The [Federal Employees Liability Reform and Tort Compensation Act of 1988] restored [the] absolute immunity [of federal Government employees] by establishing an exclusive remedy against the United States under the FTCA for certain negligent or wrongful acts of federal employees acting within the scope of employment." *Schrob v. Catterson,* 967 F.2d 929, 934 (3d Cir. 1992) (internal citations omitted). When a federal employee is sued for acts or omissions within the scope of employment, the United States is substituted as the defendant in place of the federal employee. *See* 28 U.S.C. § 2679(d)(2); *see also Clark v. Wells Fargo Bank, U.S.,* CIV. A. 13-1293, 2013 WL 1680178 at *2, n.1 (D.N.J. Apr. 16, 2013). Since Plaintiff initially named an employee of the Postal Service as the Defendant, the United States has been substituted as the Defendant in his place.

3

unambiguous to confer subject matter jurisdiction on a court." *Treasurer of N.J., v. U.S. Dep't. of Treasury,* 684 F.3d 382, 396 (3d Cir. 2012); *Clark v. Wells Fargo Bank, U.S.,* CIV. A. 13-1293, 2013 WL 1680178 at *2 (D.N.J. Apr. 16, 2013). The Supreme Court has further explained that "a waiver of sovereign immunity must be strictly construed in favor of the sovereign." *Treasurer of N.J.,* 684 F.3d at 396 (internal citation omitted).

The FTCA acts as a limited waiver of the United States's sovereign immunity and makes the United States "liable in the same manner and to the same extent as a private individual under like circumstances."[2] *See Dolan v. U.S. Postal Serv.,* 546 U.S. 481, 485 (2006) (internal citations and quotations omitted); *see also White-Squire v. U.S. Postal Serv.,* 592 F.3d 453, 456 (3d Cir. 2010). Specifically, "the FTCA qualifies its waiver of sovereign immunity for certain categories of claims (13 in all). If one of the exceptions applies, the bar of sovereign immunity remains." *Dolan,* 546 U.S. at 485.

The Supreme Court has construed 28 U.S.C. § 2680(h) broadly, holding that claims arising from the excepted categories of claims are also barred by the "sweeping language" of the statute. *See U.S. v. Shearer,* 473 U.S. 52, 55 (1985) (holding that "[s]ection 2680(h) does not merely bar claims *for* assault or battery; in sweeping language it excludes any claim *arising out of* assault or battery") (emphasis in original). The Third Circuit has also held that "claims arising out of... libel, slander, misrepresentation [or] deceit are excepted from the United States's general waiver of sovereign immunity." *Brumfield v. Sanders,* 232 F.3d 376, 382 (3d Cir. 2000) (citing 28 U.S.C. § 2680(h)); *see also Sash v. U.S.,* CIV. A. 09-2074, 2010 WL 1529825 at *7

---

[2] The Court notes that while Plaintiff initially brought this action against an individual employee, an analogous action against the Postal Service would also be barred pursuant to the FTCA. *See Dolan v. U.S. Postal Serv.,* 546 U.S. 481, 484 (The Supreme Court held that while the "Postal Reorganization Act generally waives the immunity of the Postal Service from suit by giving it the power to sue and be sued in its official name, the statute also provides that the FTCA shall apply to tort claims arising out of activities of the Postal Service.") (internal citations and quotations omitted).

4

(D.N.J. Apr. 14, 2010) (holding that the Court must "dismiss Plaintiff's infliction of emotional distress claims to the extent that [they] arise out of the defamation/libel/slander claims.").

In this matter, Plaintiff has alleged claims of slander and emotional distress. Since Defendant has not waived its sovereign immunity with respect to the instant allegations, Defendant is immune from Plaintiff's slander claim and emotional distress claim arising therefrom. *See* 28 U.S.C. § 2680(h); *see also Brumfield*, 232 F.3d at 382 (holding that in accordance with 28 U.S.C. § 2680(h) "[slander] suits against the United States are prohibited."). Thus, this Court lacks subject matter jurisdiction over Plaintiff's causes of action.

B.    Plaintiff's Failure to File an Administrative Claim

In addition, Defendant argues that Plaintiff has failed to comply with the presentment requirement of the FTCA. (Def. Br. at 7.) While Defendant's immunity from suit is itself sufficient to dismiss Plaintiff's Complaint, Plaintiff's failure to exhaust administrative remedies under the FTCA deprives this Court of subject matter jurisdiction, as well.

The Third Circuit has held that the FTCA's "established procedures" are to be "strictly construed." *White-Squire*, 592 F.3d at 456. The FTCA specifically requires "an initial presentation of the claim to the appropriate federal agency and a final denial by that agency as a prerequisite to suit under the act." *Bialowas v. U.S.*, 443 F.3d 1047, 1049 (3d Cir. 1971). Furthermore, the FTCA expressly provides that "[a] tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues." *Roma v. U.S.*, 344 F.3d 352, 362 (3d Cir. 2003) (citing 28 U.S.C. § 2401(b)). Thus, the requirement that "the appropriate federal agency act on a claim before suit can be brought is jurisdictional and cannot be waived." *Roma*, 344 F.3d at 362.

5

In the present matter, Plaintiff failed to submit an administrative claim prior to bringing this action. (*See* Herbst Decl. at ¶¶ 5, 6, 7.) Thus, this Court lacks jurisdiction over Plaintiff's claims and grants Defendant's motion to dismiss for failure to comply with the presentment requirement of the FTCA.

## V. CONCLUSION

For the reasons set forth above, and because it would be futile for Plaintiff to amend her Complaint, the Court dismisses Plaintiff's Complaint *with prejudice*. An appropriate Order accompanies this opinion.

Dated: January 27, 2014

JOSE L. LINARES
U.S. DISTRICT JUDGE